UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 3:20-CR-00213-01 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| JOHN EDWARD MCINTYRE (01) | MAG. JUDGE KAYLA D. MCCLUSKY |

## MEMORANDUM ORDER

Pending before this Court is a Motion to Vacate [Doc. No. 60] under 28 U.S.C. § 2255 filed by Defendant John Edward McIntyre ("McIntyre"). A Response [Doc. No. 64] was filed by the United States of America ("the Government") on June 26, 2023.

For the reasons set forth herein, McIntyre's Motion to Vacate is **DENIED**.

### I.     BACKGROUND

On January 12, 2020, Deputies Adam Arrant ("Arrant") and Tyler Dooley ("Dooley"), collectively ("Deputies") initiated a traffic stop of McIntyre in West Monroe, Louisiana, for crossing the outer line on Drago Street, and changing lanes at an intersection without signaling.[1] Dooley informed McIntyre of the reason for the traffic stop, and McIntyre explained that he had been eating cereal while driving, which made him unable to stay in his lane.[2] According to Dooley, McIntyre seemed nervous and his hand was shaking.[3] Dooley noticed black digital scales in the cup holder, which both Deputies knew are commonly used in drug distribution.[4] Arrant also recognized McIntyre from previous cases in the area as a known methamphetamine dealer and knew the Metro Narcotics Unit had an active investigation into McIntyre for dealing methamphetamines.[5]

---

[1] La. R.S. 32:79
[2] [Doc. No. 41 at 6, 30]
[3] [Doc. No. 27 at 2]
[4] [Id.]
[5] [Id.]

Arrant asked McIntyre for consent to search the vehicle. The request was denied by McIntyre.[6] The Deputies then called for a K-9 unit to come to the scene. Within five minutes, the K-9 unit arrived. The dog alerted the Deputies to the front passenger side of the vehicle and alerted them again when the dog entered the vehicle.[7]

Based on the alerts, the Deputies searched the Tahoe and found the digital scales and a backpack. Inside the backpack, they found a black magnetic box containing approximately 120 grams of methamphetamine, 13 Clonazepam pills, 14 bags containing approximately 1400 Xanax pills, marijuana, a Sig Sauer 9mm semi-automatic pistol and $2,185.00 in cash.[8]

On September 23, 2020, a federal grand jury indicted McIntyre on one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii); one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1); and one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).[9]

A Motion to Suppress was filed by McIntyre in relation to the stop-and-search on November 20, 2020.[10] An evidentiary hearing was conducted on January 11, 2021.[11] A Report and Recommendation[12] was rendered on January 20, 2021, which found (1) the traffic stop was reasonably based on probable cause; (2) the time of detention was reasonable; and (3) the vehicle search was supported by probable cause. The Report and Recommendation was adopted by this Court on February 4, 2021.[13]

---

[6] [Id.]
[7] [Id.]
[8] [Id. at 2-3]
[9] [Doc. No. 1]
[10] [Doc. No. 20]
[11] [Doc. No. 25]
[12] [Doc. No. 27]
[13] [Doc. No. 29]

On May 25, 2021,[14] McIntyre entered a conditional plea of guilty to Counts 1 and 2 and reserved his right to appeal on the results of the Motion to Suppress. On September 14, 2021,[15] McIntyre was sentenced to 120 months imprisonment on Count 1, and 60-months imprisonment on Count 2, to run consecutively with Count 1.

McIntyre appealed and his conviction and sentence was affirmed on February 25, 2022[16] by the United States Court of Appeals for the Fifth Circuit. McIntyre's writ to the Supreme Court of the United States was denied on June 7, 2022.[17]

In the present Motion to Vacate, McIntyre alleges he received ineffective assistance of counsel in his counsel failing to investigate the illegality of the traffic stop and in failing to properly argue the Government had neither probable cause nor reasonable suspicion to bring the K-9 unit for a dog sniff.[18]

## II.   LEGAL STANDARD

Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curium). Ineffective assistance of counsel claims may be raised in a Section 2255 proceeding. *United States v. Ramos*, 801 F. App'x 216, 226 (5th Cir. 2020).

To prevail in an ineffective assistance of counsel claim, a defendant must meet the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). The defendant must show that his attorney's actions were objectively unreasonable and that his attorney's actions resulted in

---

[14] [Doc. No. 37]
[15] [Doc. No. 53]
[16] [Doc. No. 58]
[17] [Doc. No. 59]
[18] [Doc. No. 60]

3

prejudice. *United States v. Valdez*, 973 F.3d 396, 402 (5th Cir. 2020). To meet the second prong of *Strickland*, the defendant must show that counsel's deficient performance resulted in actual prejudice to the defendant. Thus, a defendant must show there is a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 695. Failure to prove both prongs is fatal to an ineffective assistance of counsel claim. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994).

### III. ANALYSIS

#### A. Failure to Investigate Traffic Stop

In his first claim, McIntyre alleges his attorney failed to investigate the traffic stop. McIntyre alleges that his attorney failed to investigate by failing to obtain the dash cam footage and surveillance camera footage from the area. An attorney does have a duty to make reasonable investigations or to make a reasonable decision that makes "particular investigations unnecessary." *Strickland* 466 U.S. at 691. A defendant must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial. *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989).

The testimony at the hearing on the Motion to Suppress reveals that the Deputies did not have either dash cam or body cam.[19] McIntyre has not pointed out whether there was any surveillance footage in the area that the attorney could have investigated. Additionally, the uncontested statement of McIntyre to the Deputies that he had been eating cereal while driving, which made him unable to stay in his lane, corroborates the Deputies' testimony.[20] Since there was no dash cam or body cam footage, the attorney had no reason to investigate it. Because McIntyre

---

[19] [Doc. No. 41 at 20, 24]
[20] [Doc. No. 41 at 8]

has not shown there was surveillance video in the area, he has failed to show what the investigation would have revealed and how it would have altered the outcome.

### B. Failure to Properly Argue

In his second claim, McIntyre alleges his attorney failed to properly argue the Government had neither probable cause to stop nor reasonable suspicion to bring the K-9 unit for a dog sniff. The transcript[21] of the hearing shows neither attorney argued anything to the Magistrate Judge. There was no need. This was not a complicated search and seizure issue. The Report and Recommendation[22] reflects the Judge properly considered both probable cause for the stop,[23] the time of the detention,[24] and considered whether there was probable cause[25] for the search.

Therefore, McIntyre is unable to show how argument by his attorney would have altered the actions of the decision on the Motion to Suppress.

### IV. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that the Motion to Vacate [Doc. No. 60] filed by Plaintiff John Edward McIntyre is **DENIED**.

MONROE, LOUISIANA this 10th day of July 2023.

**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**

---

[21] [Doc. No. 41]
[22] [Doc. No. 27]
[23] [Doc. No. 27 at 4-5]
[24] [Doc. No. 27 at 5-6]
[25] [Doc. No. 27 at 6-7]